IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHANA L. GARNER                                                                    PLAINTIFF

        v.                                    Civil No. 12-2329

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                     DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Shana Garner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI")  under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

      Plaintiff filed her application for SSI and DIB on December 6, 2010, alleging an onset date of January 1, 2010, due to reflex sympathetic dystrophy ("RSD"), restless leg syndrome, cervical diskectomy, high blood pressure, anxiety, and and depression.  Tr.  13, 122-134, 173, 185.  The Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 58-68, 76-79.  An administrative hearing was held on November 8, 2011.  Tr. 26-57.  Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 44 years old and possessed a high school education. Tr. 20. She had past relevant work "(PRW") experience as a meat packager. Tr. 32-33.

In a written opinion dated November 18, 2011, the Administrative Law Judge ("ALJ") found Plaintiff's degenerative disk disease of the cervical spine status post cervical surgery, pain disorder associated with both a psychological and a general medical condition, adjustment disorder with mixed disturbance of emotions and conduct, impulse control disorder, and personality disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 15-17. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967 (a) except the claimant cannot perform overhead reaching. Non-exertionally, the claimant is limited to simple, routine, and repetitive tasks involving only simple work-related decisions, with few, if any work place changes, no more than incidental contact with co-workers, supervisors and the general public.

Tr. 17. The ALJ then concluded that Plaintiff could perform work as a small products assembler, small production machine operator, and small product inspector. Tr. 21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 26, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 11, 13.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And, while the issue is not the existence of pain, the issue is whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, Plaintiff has been diagnosed with degenerative disk disease of the cervical spine status post cervical surgery, pain disorder associated with both a psychological and a general medical condition, restless leg syndrome, and reflex sympathetic dystrophy[2]. Records dating back to at least 2009 reveal that Plaintiff was suffering from restless leg syndrome, making it difficult for her to sit or lie down for any length of time, including sleep. Tr. 251, 253-254, 259-260. Miraplex was prescribed to treat this impairment, but was noted to make her drowsy.

In April 2010, Plaintiff underwent an anterior cervical diskectomy with interbody arthrodesis and fusion utilizing PEEK autograft, allograft, and plate instrumentation for a herniated disk at the C5-6. Tr. 223.

In December 2010, Plaintiff began having problems with her left leg drawing up and cramping. Tr. 243-244. She had some mild weakness and was prescribed Klonopin.

On January 18, 2011, Dr. Lucy Sauer completed an RFC evaluation of Plaintiff after reviewing only her medical records. Tr. 273-280. She concluded Plaintiff could perform sedentary work with limited reaching in all directions. This was affirmed by Dr. Sharon Keith on April 4, 2011. Tr. 318.

---

[2]Reflex sympathetic dystrophy, also known as complex regional pain syndrome, is an uncommon form of chronic pain that usually affects an extremity. Mayo Foundation for Medical Education and Research, *Complex Regional Pain Syndrome*, http://www.mayoclinic.com/health/complex-regional-pain-syndrome/DS00265(last accessed October 28, 2013). It typically develops after an injury, surgery, stroke, or heart attach with pain that is out of proportion to severity of the original injury, if any. *Id*. Symptoms include continuous burning or throbbing pain, sensitivity to cold or touch, swelling, changes in skin temperature, changes in skin tone, changes in skin texture, changes in hair and nail growth, joint stiffness and damage, muscle spasms, atrophy, and decreased ability to move the affected body part. *Id*.

In May 2011, Plaintiff injured her right shoulder and presented with symptoms consistent with a rotator cuff tear. Tr. 323. The ALJ did not, however, request a second RFC assessment or an orthopedic consultation to determine Plaintiff's RFC following this injury.

On January 25, 2012, approximately two months after the ALJ's decision[3], Plaintiff was examined by Dr. Terry Hoyt. Tr. 333-335. Among other things, he concluded that Plaintiff would need to alternate between sitting and standing at 30 minute intervals, need hourly rest breaks, necessitate the use of a walker for assistance, would be limited with regard to the use of her lower extremities, would need to elevate her legs when seated; could rarely work in extended positions, work above shoulder level, work overhead, and reach; could rarely grip with her right hand and finger/fine manipulate with both hands; rarely bend, stoop, balance, and climb stairs; never squat, crawl, crouch, kneel, or climb (ladders, ramps, scaffolds); and, should completely avoid work near hazardous conditions, vibrating tools, and extremes and sudden or frequent changes in temperature and/or humidity. He indicated that these limitations were supported by a physical examination that revealed a decreased range of motion in her right shoulder, hypersensitivity of the left leg and foot, and chronic tissue changes in the back.

Accordingly, after reviewing all of the evidence of record, we believe that remand is necessary to allow the ALJ to review Dr. Hoyt's RFC assessment, and to reconsider Plaintiff's

---

[3]Plaintiff first submitted this evidence to the Appeals Council, but her request for review was denied. We note that the Appeals Council must consider additional evidence if it is new and material and relates to time period before ALJ's decision. *See* 20 C.F.R. § 404.970(b); *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). To be material, evidence obtained after an ALJ decision need only relate to the claimant's condition on or before the date of the ALJ's decision. *See Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984). Therefore, medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *See Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 1990). In the present case, we find that this evidence was both new and material. And, given the fact that it is the only RFC assessment completed after Plaintiff injured her shoulder, we believe it should have gone before the ALJ.

RFC in light of her diagnoses of shoulder impairment, restless leg syndrome, and reflex sympathetic dystrophy. It is clear to the undersigned that these impairments would impact Plaintiff's ability to sit for lengthy periods, would likely necessitate a sit/stand option, might necessitate limb elevation, and would restrict Plaintiff's upper extremities with regard to more than just overhead work. The ALJ should also make certain that the side effects of Plaintiff's medications, namely drowsiness, are taken into account in Plaintiff's RFC. Restrictions associated with working near heights and dangerous machinery are strongly recommended.

## IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE